TERRITORIAL LIBRARY

FILED
...OR COURT
2013 JUL -1 AM 11: 36
...N OF COURT

# IN THE SUPERIOR COURT OF GUAM

In the Matter of the Application of )  Special Proceeding Case No.: SP-0136-12
)
ANTHONY T. DE VENENCIA, )
Petitioner, )   **DECISION & ORDER**
)
For a Writ of Habeas Corpus )
)

This matter came before the Honorable Maria T. Cenzon on January 25, 2013, on Petitioner Anthony T. De Venencia's ("De Venencia") Amended Petition for a Writ of Habeas Corpus ("Petition"), which was filed on September 12, 2012. De Venencia was represented by Attorney Howard Trapp. The Government was represented by Assistant Attorney General Chuck Kinnunen. A member of the Guam Territorial Parole Board was also present during the hearing, but did not advance any position. Having reviewed the pleading filed in this matter, the applicable law and heard oral argument at the hearing on the Petition, the Court now issues its Decision and Order **DENYING** the Amended Petition for Writ of Habeas Corpus.

## BACKGROUND

On January 4, 2012, De Venencia entered a plea of guilty to Burglary (as a 2nd Degree Felony) and on the same day was sentenced according to the terms of his Plea Agreement to, *inter alia*, serve eighteen (18) months at the Department of Corrections (with credit for time served and the balance suspended) and placed on supervised parole for a period of three (3) years. *See* Judgment, CF281-11 (2/27/12). On August 16, 2012, De Venencia filed his Petition against Jose A. San Agustin, as Director of the Department of Corrections ("DOC"), and the Guam Parole Board. However, because De Venencia was not being held at DOC at the time, De Venencia filed an Amended Petition on September 12, 2012, against the Chairman and members

of the Guam Parole Board asserting that he has been unlawfully restrained of his liberty by being placed on supervised parole for three (3) years as a provision of his sentence.

De Venencia's sole argument in support of his Petition is that his restraint is unlawful because his conviction of the second charge of the Indictment (i.e. Burglary (As a 2nd Degree Felony)) is based upon a charge that is not a cognizable offense. The second charge of the Indictment alleges that:

> On or about the 29th day of May, 2011, in Guam, ANTHONY T. DE VENENCIA, did commit the offense of *Burglary*, in that he did enter in the habitable property of Gerard Belga's residence on Chalan Paraisu Street, Dededo, with the intent to commit the crime [of] *Assault*, therein, at a time when the premises were neither open to the public nor the Defendant licensed or privileged to so enter, in violation of 9 G.C.A. §§37.20(a) and 37.20(b).

Indictment, Second Charge, CF281-11 (6/10/11). De Venencia argues that "[e]ntering habitable property with the intent to recklessly cause bodily injury to another is not a crime." Mem. In Support of Amend. Pet. For Writ of Habeas Corpus, at 1 (9/12/12).

The Government argues that De Venencia waived habeas review of defects in the Indictment by failing to raise them prior to final adjudication and, even if a writ of habeas corpus were the proper method to challenge the conviction, the Government is not required to establish that De Venencia had the mens rea for the particular crime of assault as a material element of a charge for Burglary. *See* People's Mem. of Points and Authorities in Opposition to Pet. for Writ of Habeas Corpus, at 3 (9/28/12).

//

//

# DISCUSSION

## A.    Objection to Sufficiency of Indictment in Habeas Corpus Proceeding is Improper.

In general, every person unlawfully imprisoned or restrained of his liberty may prosecute a writ of habeas corpus to inquire into the cause of such restraint.  8 G.C.A. § 135.10.[1]   In *Ignacio v. People*, the Guam Supreme Court enumerated the factors which a defendant must satisfy in order to support the issuance of a writ of habeas corpus:

> A defendant has the burden of proving plain error by showing '(1) that there has been a violation of a legal rule, not waived, during court proceedings; (2) the error must be plain in that it is 'clear' or 'obvious' under current law; and (3) the plain error must have affected [defendant's] substantial rights.'

2012 Guam 14 ¶ 24 (quoting *People v. Perry*, 2009 Guam 4 ¶ 9).

Thus, in order to justify the issuance of a writ, De Venencia must first establish that he did not waive his right to challenge the sufficiency of the Indictment by failing to raise the objection prior to his conviction.  The Government argues that De Venencia has waived the right to challenge any defects in the indictment under 8 G.C.A. § 65.15.  De Venencia contends that a waiver would generally apply under Section 65.15, except where the jurisdiction of the Court is lacking or where the indictment fails to charge an offense.  Pet. Response to Attorney General's Opp. to Pet. for Writ of Habeas Corpus at 2 (12/12/12).

It is well settled that objections to an indictment should be made prior to trial in accordance with 8 G.C.A. § 65.15(b), and that such failure to object constitutes a waiver in the absence of a showing by the defendant of good cause.  *See Guam v. Jones*, 2006 Guam 13 ¶ 10

---

[1] Although the language of section 135.10 implies that habeas corpus review is reserved for those in the physical custody of the State, modern cases have extended such review to parolees. *See, e.g., Jones v. Cunningham*, 371 U.S. 236, 242 (1963) ("the custody and control of the Parole Board involves significant restraints on petitioner's liberty because of his conviction and sentence, which are in addition to those imposed by the State upon the public generally."); *see also Carafas v. LaVallee*, 391 U.S. 234, 237 (1968) (court allowed the writ even though the defendant, incarcerated at the time the writ was filed, finished his sentence during the proceedings).

(citing *People v. White*, 2005 Guam 20 ¶14). As De Venencia notes, two statutory exceptions to this general rule are: if the indictment fails to show jurisdiction in the court or to charge an offense. *See* 8 G.C.A. § 65.15(b) (2005).

While the Court agrees that the two exceptions cited in Section 65.15(b) allow for a defendant to challenge whether an indictment charges an offense at a time other than prior to trial, it is improper for De Venencia to raise the challenge in this case for the first time in a *habeas* proceeding. *See Crutchfield v. U.S.*, 142 F.2d 170, 176 (9th Cir. 1943) ("It has been uniformly held by this court that the sufficiency of an indictment cannot be reviewed in habeas corpus proceedings."); *Goldsmith v. Sanford*, 132 F.2d 176 (5th Cir. 1942) (habeas corpus is not a remedy to test question of whether indictment sufficiently charged offenses under statute not claimed to be invalid); *People ex rel. Chapman v. LaClair*, 882 N.Y.S.2d 758 (N.Y.A.D. 2009) (Habeas corpus is not appropriate remedy for raising claims that could have been raised on direct appeal or motion to vacate judgment of conviction even if claims are jurisdictional in nature).

In this instance, the Court finds no justification to depart from the traditional orderly procedure governing challenges to the sufficiency of an indictment. As such, De Venencia's Amended Petition for Writ of Habeas Corpus is denied.

**B. The Indictment Was Sufficient to Charge a Cognizable Crime.**

Even assuming that De Venencia did not waive his right to challenge the sufficiency of the burglary charge in the Indictment, which he clearly did by failing to raise the issue until the instant petition, the Indictment was sufficient to place De Venencia on notice of the essential elements of the offenses with which he was charged.

An indictment which tracks the words of the statute charging the offense is sufficient as long the words unambiguously set forth all the elements of the offense. *Guam v. Jones*, 2006

Guam 13 ¶23 (citing *United States v. Givens*, 767 F.2d 574, 584 (9th Cir. 1985)). 9 G.C.A. § 37.20(a) sets forth the material elements of burglary, to wit: "A person is guilty of burglary *if* he enters . . . any habitable property . . . with intent to commit a crime therein." The charge about which De Venencia complains clearly tracks the language of section 37.20(a):

> On or about the 29th day of May 2011, in Guam, ANTHONY T. DE VENENCIA, did commit the offense of *Burglary*, in that he did enter the habitable property of Gerard Belga's residence on Chalan Paraisu Street, Dededo, with the intent to commit the crime [of] *Assault*, therein, at a time when the premises were neither open to the public nor the Defendant licensed or privileged to do so, in violation of 9 G.C.A. §§37.20(a) and 37.20(b).

Indictment, Second Charge, CF281-11 (6/10/11).

As stated above, De Venencia's sole argument in support of his *habeas* petition is that his conviction for the crime of Burglary (As a 2nd Degree Felony) is based upon a charge that is not a cognizable offense. Specifically, De Venencia argues that "[e]ntering habitable property with the intent to recklessly cause bodily injury to another is not a crime." Mem. In Support of Amend. Pet. For Writ of Habeas Corpus, at 1 (9/12/12). The Government argues that the elements of the crime of burglary have been satisfied because the indictment charges De Venencia with assault as specifically contemplated under 9 G.C.A. §§ 19.30(a)(1) and (e).

During the January 4, 2012 Change of Plea hearing, De Venencia appeared with his attorney and "moved to change his plea of NOT GUILTY to that of GUILTY of the offense of Second Charge of BURGLARY (As a 2nd Degree Felony), in violation of 9 G.C.A. §§ 37.20(b) and 4.60." *See* Judgment (2/27/12). During the hearing, and prior to accepting his plea of guilty, the Court informed De Venencia of the effect of his guilty plea and asked him whether he insists on his plea or not. De Venencia continued to persist on his plea of guilty and following the Court's colloquy and De Venencia's allocution to the facts constituting the crime of Burglary (As a 2nd Degree Felony), the Court found that the plea was made voluntarily with an

understanding of the nature of the charge and consequences of his plea, including his rights to challenge the conviction and sentence and his waiving such rights. Finally, the Court found to its satisfaction that there was a factual basis for his plea as set forth in the Indictment against him and the Judgment of guilty was entered. *See* Judgment at 2.

Despite the above plea, De Venencia now argues that his conviction and judgment should be vacated because one cannot intend to assault, or "recklessly cause…bodily injury to another," pursuant to 19 G.C.A. §19.30(a)(1) – which is the crime that he is alleged to have intended to commit and which forms the basis for the charge of Burglary (As a 2nd Degree Felony). To the contrary, in order to sustain De Venencia's conviction under Guam's burglary statute, the Government must have proven that De Venencia entered the premises having formed the requisite intent to commit a crime therein. *See People v. Demapan*, 2004 Guam 24 ¶ 23 (citing *Commonwealth v. Alston*, 651 A.2d 1092, 1094 n. 3 (Pa. 1994)) ("The specific intent element in the burglary charge against Demapan is whether he entered with the intent to commit theft.").

Had this matter proceeded to trial, the Government would not have been required to prove assault; only that De Venencia *intended* to commit assault (or any of the other crimes for which he was charged). In *Demapan*, the Guam Supreme Court affirmed the jury's conviction of the defendant after the jury had the opportunity to receive and weigh the evidence against the defendant and to consider whether the evidence supported a finding that he intended to commit theft. *See id.* ¶¶ 24-27. In this case, De Venencia admitted during his plea hearing that he had intended to assault his victim. It has been held that intent necessary to support a conviction for burglary is rarely capable of direct proof because it is a state of mind particular to the accused, and "unless such intent is admitted, it must be shown by circumstantial evidence." *Bowman v. United States*, 652 A.2d 64, 67 (D.C. Ct. App. 1994). It was, therefore, sufficient that De

Venencia admitted to having the general intent to commit *any* crime when he entered into the habitable property of his victim at a time when the premises were neither open to the public nor was De Venencia licensed or privileged to enter therein.[2] That he admitted to having the requisite *mens rea* for the crime of assault is also sufficient to sustain his conviction on the charge of Burglary (As a 2nd Degree Felony).

Even if the Government were required to establish the elements of the underlying crime of assault based on reckless conduct – which it is not required to do – the fact that the assault only requires "recklessness" does not make De Venencia's behavior any less criminal. It cannot be argued reasonably that De Venencia entered into his victim's home with an innocent state of mind. Under Guam law, "a person is not guilty of a crime *unless* he acts intentionally, knowingly, *recklessly* or with criminal negligence as the law may require, with respect to the conduct, the result thereof or the attendant circumstances which constitute the material elements of the crime." 19 G.C.A. §4.25 (emphasis added). A person acts "recklessly" and is therefore criminally culpable "when he acts in awareness of a substantial risk that the circumstances exist or that his conduct will cause the result and his disregard is unjustifiable and constitutes a gross deviation from the standard of care that a reasonable person would exercise in the situation." 19 G.C.A. § 4.30(c).

The defendant in *Guam v. Jones* advanced a similar argument on appeal of his conviction for Money Laundering and Continuing Criminal Enterprise ("CCE"). 2006 Guam 13. Charge

---

[2] An indictment "should be read in its entirety, construed according to common sense, and interpreted to include facts are which are necessarily implied." *Jones*, 2006 Guam 13 ¶ 12 (citing *United States v. Givens*, 767 F2d 574, 584 (9th Cir. 1985). The Indictment contained several charges against De Venencia in addition to the burglary: Kidnapping (As a 1st Degree Felony), Aggravated Assault (as a 3rd Degree felony) (Special Allegation: Possession and Use of a Deadly Weapon in the Commission of a Felony), Terrorizing (as a 3rd Degree Felony) and Assault (As a Misdemeanor). Although the burglary charge specified that De Venencia intended to commit the crime of assault when he committed the burglary, the Indictment need not have specified which crime among the four other crimes he intended to commit in order for the charge of burglary to be sufficient.

three of the indictment against Jones alleged that he "did knowingly receive or acquire proceeds from transactions that were in violation of the Uniform Controlled Substances Act of Guam, in violation of 9 G.C.A. § 67.410(a)." *Id.* ¶ 16. Section 67.410(a) (emphasis added) states that "a person shall not knowingly or intentionally receive or acquire proceeds or engage in transactions involving proceeds, *known to be derived from* a violation of the [Guam Uniform Controlled Substances Act]." Jones contended that the indictment failed to charge him with a crime "because the indictment did not specifically identify the violation from which the proceeds were derived." *Id.* ¶ 22. The Supreme Court rejected Jones's argument and ruled that the charge against Jones tracked the language of the statute and was, therefore, sufficient. *Id.* ¶¶ 22, 23 (holding that the indictment was sufficient to charge Jones for money laundering and continuing criminal enterprise charges, affirming conviction on money laundering charge, but reversing on CCE charges for other reasons).

## CONCLUSION

For the reasons set forth above, De Venencia's Amended Petition for Writ of Habeas Corpus is meritless and therefore is **DENIED.**

**SO ORDERED** this 1st day of July, 2013.

_____
**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

7·1·13
_____
Jesse C. Franquez
Deputy Clerk, Superior Court of Guam